# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| DAVID W. DEVIN, an individual, | No. 53241-7-II |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| MTC FINANCIAL, INC., d/b/a TRUSTEE CORPS, trustee; THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK, as trustee for THE CERTIFICATE HOLDERS OF CWABS, INC. ASSET-BACKED CERTIFICATES, SERIES 2005-17, | |
| Respondents. | |

LEE, C.J. — David W. Devin appeals from the trial court's denial of his motion for reconsideration of a prior denial of a motion for reconsideration of certain lower court rulings in his lawsuit against MTC Financial, Inc. (MTC) and Bank of New York Mellon (BONYM). Although the trial court dismissed Devin's claims on summary judgment, Devin does not appeal the trial court's summary judgment dismissal of his claims. Because Devin does not appeal the summary judgment orders dismissing his claims, MTC and BONYM move under RAP 2.4(b) and (c) and RAP 17.4(d) to dismiss this appeal. We grant MTC and BONYM's motions to dismiss Devin's appeal.

## FACTS

In 2005, Devin borrowed money to purchase property in Bremerton. Devin's loan was secured by a deed of trust. Bank of America was the servicer of the loan and Landsafe Title was the trustee. Later, the beneficial interests were assigned to BONYM.

In 2007, Devin defaulted on his loan. He later moved to Vietnam and began using the property as a rental. Several trustee sales were attempted in 2008 and 2009, but those attempts were unsuccessful. MTC then became the successor trustee on the deed of trust.

In 2016, MTC posted a notice of default on the property and arranged for a trustee sale. Devin filed a complaint against MTC and BONYM, and obtained an order restraining the sale of the property.

On October 10, 2018, BONYM filed a motion for summary judgment dismissal of Devin's claims. Devin then filed a "Motion to Stay Review of Defendant's Bad Faith Motion for Summary Judgment." Clerk's Papers (CP) at 332. The same day he filed his motion to stay, Devin filed a "Motion to Compel Production of Good Faith Responses to Plaintiff's Interrogatories." CP at 91. On November 16, 2018, MTC filed a motion for summary judgment dismissal of Devin's claims.

On November 30, 2018, the trial court heard Devin's motions to stay and compel discovery. Devin did not appear. The court denied his motions.

Devin filed a motion for reconsideration, arguing a telephone glitch was the reason he failed to appear at the November 30, 2018 hearing. On December 14, 2018, the trial court heard argument on Devin's motion for reconsideration, granted the motion, and allowed him to provide argument to support his motions to stay and compel discovery. At the same hearing, the trial court also heard argument on MTC and BONYM's motions for summary judgment.

The trial court ultimately denied Devin's motions to stay and compel discovery. The trial court also struck a "Revised Complaint" Devin filed right before the summary judgment hearing. CP at 165. And the trial court took MTC and BONYM's motions for summary judgment under advisement.

Devin again moved for reconsideration of the trial court's denial of his motions to stay and compel discovery. The trial court denied Devin's motion for reconsideration on December 20, 2018. On December 31, 2018, Devin filed another motion for reconsideration of the trial court's decision on his motions to stay and compel discovery, asking the trial court to reconsider its December 20, 2018 order. This was now Devin's third motion for reconsideration of the trial court's denial of his motions to stay and compel discovery. The trial court denied Devin's motion for reconsideration on January 3, 2019.

Separately, on January 3, 2019, the trial court entered two orders granting MTC and BONYM's motions for summary judgment dismissal of Devin's claims.

On February 1, 2019, Devin filed a notice of appeal with this court. Devin sought review of "the ORDER entered on January 3, 2019 denying his Motion for Rule 59 Relief in this matter." CP at 255. The notice of appeal states that "[a] copy of the decision is attached to this notice." CP at 255. Devin then attached the trial court's January 3, 2019 order denying reconsideration of the trial court's previous order denying reconsideration of Devin's motions for stay and compel discovery based on Devin's failure to provide a sufficient "basis for reconsideration under CR 59." CP at 257.

ANALYSIS

Devin contends that (1) Bank of America violated the statute of limitations or had gifted the house to him when the initial foreclosure proceedings in 2009 were terminated, (2) MTC and BONYM failed to establish chain of title, (3) the trial court erred in its prior discovery rulings, and (4) the trial court erred in failing to find that MTC and BONYM violated the Deeds of Trust Act

(DTA), chapter 61.24 RCW and Consumer Protection Act (CPA), chapter 19.86 RCW.[1] MTC and BONYM both move to dismiss Devin's appeal under RAP 2.4(b) and (c) and RAP 17.4(d) because he did not appeal from the order dismissing his complaint. We agree with MTC and BONYM, and grant their motions to dismiss.

The Rules of Appellate Procedure (RAPs) govern the procedures a party must comply with to appeal a decision or order that the party believes is erroneous. RAP 1.1(a). We will generally review only "the decision or parts of the decision" the appellant designates in the notice of appeal. RAP 2.4(a); see also RAP 5.3(a)(3) (notice of appeal must designate decision for review). Further, RAP 2.4(a) governs the scope of our review, and it limits our review to the "decision" listed in the notice of appeal. However, RAP 2.4(b) sets forth exceptions for when we will review *orders or rulings* not designated in the notice of appeal, and RAP 2.4(c) sets forth exceptions for when we will review *final orders* not designated in the notice of appeal. A party may include in his or her brief a motion to dismiss. RAP 17.4(d).

MTC and BONYM moved for dismissal, arguing that none of the exceptions in RAP 2.4(b) and (c) apply. All of Devin's arguments in his briefs relate to, or are impacted by, the summary judgment orders, which were not designated in his notice of appeal.

---

[1] Devin appears to move for reconsideration of this court's May 10, 2019 letter rejecting the attachments to his original opening brief because they were not part of our record. Because this motion is untimely under RAP 17.7(a) and because all documents attached to a party's brief must be a part of this court's record under RAP 10.3(a)(8), we deny Devin's motion.

We also decline to consider the attachments to Devin's Reply Brief to BONYM, with the exception of the "Sworn Statement of the Plaintiff," which is in our record, based on RAP 10.3(a)(8). CP at 194. Similarly, we decline to consider the multiple filings from Devin regarding his "transcript" for oral argument and questions for the court and supplemental post hearing memorandum.

A summary judgment order dismissing a complaint is a final order. *DeYoung v. Cenex Ltd.*, 100 Wn. App. 885, 892, 1 P.3d 587 (2000), *review denied*, 146 Wn.2d 1016 (2002). Therefore, we look to RAP 2.4(c) to see if an exception applies or whether the matter should be dismissed.

Devin argues that under RAP 2.4(c)(3), he can appeal the summary judgment dismissal orders because he designated an order denying reconsideration under CR 59 in his notice appeal. We disagree.

RAP 2.4(c)(3) states that "the appellate court will review a final judgment not designated in the notice only if the notice designates an order deciding a timely motion based on . . . CR 59 (reconsideration, new trial, and amendment of judgments)[.]" Under RAP 2.4(c), an appeal from an order deciding a CR 59 motion to reconsider allows us to consider the propriety of the "underlying" order. *Davies v. Holy Family Hosp*., 144 Wn. App. 483, 492, 183 P.3d 283 (2008), *abrogated on other grounds by Frausto v. Yakima, HMA, LLC*, 188 Wn.2d 227, 393 P.3d 776 (2017).

Here, the orders granting summary judgment dismissal are not underlying orders. The order on appeal was a third denial of a motion for reconsideration of the trial court's rulings on the motions to stay and compel discovery. The order denying reconsideration did not relate to the summary judgment dismissal of his claims. Thus, RAP 2.4(c)(3) does not apply to allow this court to review the trial court's orders granting summary judgment dismissal of Devin's claims.

Because Devin did not appeal from the summary judgment orders dismissing his complaint and the undesignated summary judgment orders are not underlying orders to the order denying Devin's motion to stay and compel discovery, there is no exception that allows us to review the summary judgment orders. Devin's briefs do not address issues related to the order he appealed

and address only issues relating to an order he did not appeal. Therefore, we grant MTC and BONYM's motions to dismiss.

We dismiss Devin's appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, C.J.
Lee, C.J.

We concur:

_____
Glasgow, J.

_____
Cruser, J.